United States District Court
Southern District of Texas
**ENTERED**
March 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-34 |
| | § | |
| 44.697 ACRES OF LAND , MORE OR LESS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF IMMEDIATE POSSESSION AND DENYING DEFENDANT FORTCO'S MOTIONS TO DISMISS AND FOR MORE DEFINITE STATEMENT

**I.  Background**

Now before the Court are Plaintiff United States of America's Motion for Order of Immediate Possession (Dkt. No. 8), to which only Defendant Fortco Properties, Ltd. ("Fortco") has responded,[1] and Fortco's Motions to Dismiss and for More Definite Statement (Dkt. No. 11).[2] On February 4, 2020, Plaintiff filed its Complaint seeking the condemnation (taking) of Defendants' estate in fee simple consisting of 44.697 acres of land in Hidalgo County, Texas, and a Declaration of Taking of said property in accordance with the Declaration of Taking Act, 40 U.S.C. § 3114. (Dkt. Nos. 1, 2). Through its Motion, Plaintiff now seeks surrender from Defendants of the estate, more particularly described as:

> [A] fee simple [estate], subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals

---

[1] Additional Defendant Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor & Collector, disclaimed his interest in the subject estate and has been dismissed from the action, *see* (Dkt. No. 23), and after inquiry and review of Plaintiff's responsive filings, *see* (Dkt. Nos. 17, 18, 20), the Court is satisfied that the interests of remaining Defendants Kitayama Family Trust, Hidalgo County, and Krenmuller Farms, none of which has made a formal appearance in the action, do not serve as an impediment to the Court's adjudication of Plaintiff's request for immediate possession.

[2] Plaintiff's response to Fortco's Motions is accompanied by a Cross-Motion to Strike alleged improper defenses pleaded in Fortco's Answer, but that Motion is not yet ripe for ruling. (Dkt. No. 19).

  and appurtenant rights for exploration, development, production and removal of said minerals;
  Reserving to the owners of the lands identified in General Warranty Deed, Document No. 2018-2895970, Official Records, Hidalgo County, Texas; and the owners of a "Roadway" described in Exhibit A of Access Easement Agreement, Document No. 2008-1938311 and No. 2008-1936327, Official Records, Hidalgo County, Texas reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map below [in Schedule E];
  Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

(Dkt. No. 2, Exh. 1 at Schedule E; *see also* Schedules C & D). On February 14, 2020, Plaintiff deposited in the registry of this Court the sum of $438,673.00 as the estimated just compensation for the taking. (Dkt. No. 7). Plaintiff asserts that the actions taken in this case have given it title to, and the right to immediate possession of, the subject property. (Dkt. No. 8). Fortco disagrees, and now moves for dismissal of the action or in the alternative, greater specificity in Plaintiff's pleading, arguing that Plaintiff has not complied with its statutory obligation to engage in bona fide negotiations because it has provided insufficient information to allow Fortco to ascertain what the taking encompasses. (Dkt. Nos. 11, 15). After considering the Motions, the responsive briefing (Dkt. Nos. 15, 19), and the arguments of counsel at the March 4, 2020 initial pretrial conference and March 24, 2020 telephonic status conference, the Court finds that Plaintiff's Motion should be granted and Fortco's Motions denied for the following reasons.

**II.**  **Analysis**

  The bona fide negotiation provisions of 8 U.S.C. § 1103(b) state, in relevant part, that "[w]hen the Attorney General and the lawful owner of an interest [in land the government deems essential to control and guard the U.S. border against any violation of the statute] are unable to agree upon a reasonable price [for the interest], the Attorney General may commence

2 / 5

condemnation proceedings pursuant to section 3113 of Title 40." 8 U.S.C. § 1103(b)(3). As reflected in the Court's Order addressing similar motions filed in an action involving a contiguous property,[3] this provision is not jurisdictional and does not affect Plaintiff's ability to file this condemnation action; however, it requires Plaintiff "to put forth a bona fide effort to determine whether an agreement can be reached" before it may obtain possession of the condemned estate. *See U.S. v. 1.04 Acres of Land, More or Less, Situate in Cameron, Cty., Tex.*, 538 F.Supp.2d 995, 1008-12 (S.D. Tex. 2008) [hereinafter *1.04 Acres*]; *Tamez v. Chertoff*, 2009 WL 10693618, at *5 (S.D. Tex. Jan. 27, 2009) ("[T]he Government may properly file a condemnation action before compliance with the negotiation provisions of 8 U.S.C. § 1103(b), but may not receive possession prior to compliance.").[4] Good faith negotiations, sufficient to satisfy § 1103(b), occur when "negotiations proceed far enough to indicate that an agreement is impossible." *1.04 Acres*, 538 F.Supp.2d at 1010 (quoting *United States v. Certain Interests in Prop. in Cascade Cty., Mont.*, 163 F. Supp. 518, 524 (D. Mont. 1958)). "[W]here it is apparent that the parties cannot agree on the amount to be paid, a formal effort to agree is not necessary." *Id.* (quoting same). "A landowner…cannot prevent the United States from condemning [its] property simply by refusing to sell or by being unwilling to set a price on an interest in [its] property." *Id.* at 1011.

Fortco bases its contention that Plaintiff failed to engage in bona fide negotiations on its allegation that Plaintiff has not adequately described "the location, size, dimensions, number, and

---

[3] *See* Civil Action No. 7:19cv407 at (Dkt. No. 17).
[4] Fortco also appears to contend that Plaintiff must proceed through the "straight-condemnation" procedure described in 40 U.S.C. § 3113 and Rule 71.1 of the Federal Rules of Civil Procedure. (Dkt. No. 11 at p. 2). However, Plaintiff may proceed pursuant to the Declaration of Taking Act when, as here, it acquires property under its authority as set out in 8 U.S.C. § 1103(b). *See 1.04 Acres*, 538 F.Supp.2d at 1001-08 (reaching this conclusion after an in-depth analysis of the General Condemnation Act of August 1, 1888, Federal Rule of Civil Procedure 71.1, the Declaration of Taking Act, and 8 U.S.C. § 1103(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996).

type of border fence gates," "the manner in which access will work through the gates after the taking," and "the impact, if any, of the acquisition and proposed infrastructure on Defendant's drainage systems serving their property," such that Fortco "has…been unable to make an informed response to the Government's offer of compensation and [has] been unable to negotiate as to whether that offer amounts to adequate compensation." (Dkt. No. 11 at pp. 2-3). However, both at the initial pretrial conference and in its subsequently filed response to Plaintiff's Motion, Fortco admitted that prior to the filing of this action, "there were significant [oral] discussions regarding the impact the Government's acquisition would have to Defendant's property," and that on March 3, 2020, the day before the initial pretrial conference, Plaintiff provided counsel for Fortco with exhibits showing: (1) "the planned location for gates, subject to minor variations that may be necessary during construction"; (2) "the planned locations for utility sleeves, subject to minor variations that may be necessary during construction"; and (3) drainage plans. (Dkt. No. 15 at ¶¶ 6-11). Fortco's response indicates its concern that the gate and utility sleeve locations have not been incorporated into Plaintiff's pleading or schedules, but takes the position that if the Court were to "hold" Plaintiff to the locations provided, these issues "would likely be resolved." (*Id.* at ¶¶ 7, 8). Fortco's promised review of the drainage plans has yet to yield its position on "the sufficiency of the information provided" to it. *See* (*id.* at ¶ 11).

Again, the estate taken by Plaintiff reserves to Fortco "reasonable access to and from the owners' lands" and "exclud[es] all interests in water rights and water distribution and drainage systems…." (Dkt. No. 2, Exh. 1 at Schedule E). The Court interprets "reasonable access" to include the gate locations provided to Fortco on March 3, 2020, and will consider the utility sleeve locations and drainage plans provided as Plaintiff's proffer of "the impact, if any, of the acquisition and proposed infrastructure on [Fortco's] drainage systems serving their property,"

and on the property as a whole. Any further disagreement by Fortco as to whether Plaintiff's offer of compensation sets a reasonable price for the condemned interest simply highlights that Plaintiff's bona fide efforts have met an impasse, and that Plaintiff is now entitled to possession. Should Plaintiff make anything other than minor departures from the gate and utility sleeve locations, or intrude on Fortco's interests in its drainage system or water rights, Fortco has remedies available to it, in this Court or otherwise. *See* 28 U.S.C. § 1491(a). However, Fortco is not entitled to dismissal of the action on the grounds asserted, nor is greater specificity in pleading required.

### III.    Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff's Motion for Order of Immediate Possession (Dkt. No. 8) is **GRANTED** and Defendant Fortco's Motions to Dismiss and for More Definite Statement (Dkt. No. 11) are **DENIED**.

Accordingly, the Court further **ORDERS** all Defendants to the above-referenced action and all persons who own or claim ownership, possession, and/or control of the property described in the Complaint filed herein (Dkt. No. 1) shall surrender possession of said property, to the extent of the estate being condemned, to Plaintiff immediately. The Court reserves all Defendants' rights to litigate any questions concerning title and/or the amount of just compensation to be paid at a later date.

It is further **ORDERED** that a notice of this Order shall be served on all persons in possession or control of the said property forthwith.

SO ORDERED this 25th day of March, 2020, at McAllen, Texas.

_____
Randy Crane
United States District Judge