Case 7:20-cv-00034   Document 41   Filed on 11/03/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-34 |
| | § | |
| 44.697 ACRES OF LAND, MORE OR LESS, *et al*, | § § § § | |
| Defendants. | § | |

## PROTECTIVE ORDER

1. **Proceedings and Information Governed**.
This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

2. **Designation and Maintenance of Documents and Information**.
   A. "Confidential Information" designation means that the document contains information not publicly known and deemed by the producing party to require limited disclosure to protect financial or security interests.

   B. "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, law enforcement sensitive information, technical information, and any other highly sensitive information, the confidentiality of which is necessary to protect the national security interests of the United States.

C. "Confidential Information" and "Highly Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. **Documents Produced in Discovery and Depositions**.
   A. **Documents and things produced** during the course of this litigation within the scope of paragraph 2(A) above may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

   "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"

Documents and things produced during the course of this litigation within the scope of paragraph 2(B) above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:

   "HIGHLY CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"

   B. **Depositions**
   (i) For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.
   (ii) If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information."
   (iii) During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information.
   (iv) Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.
   (v) If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information.

4. **Inadvertent Failure to Designate.**
   A. The inadvertent failure to designate documents as ""Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

   B. In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

5. **Challenges to Designations.**
A party shall not be obligated to challenge the propriety of a designation of Confidential Information or Highly Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information or Highly Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential Information or Highly Confidential Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information or Highly Confidential Information unless and until court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information or Highly Confidential Information.

6. **Disclosure and Use of Confidential Information.**
   A. Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

   B. "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** persons who are parties to this lawsuit or representatives of an entity or entities who are parties to this lawsuit; **(b)** counsel of record for the receiving party; **(c)** supporting personnel employed by counsel for the receiving party, such as paralegals, legal secretaries, and legal clerks; **(d)** subject to the provisions of paragraph 6 (D), experts or consultants; and **(e)** subject to the provisions of paragraph 6 (D), any persons requested by counsel to furnish services such as photocopying services, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

C. "Highly Confidential Information" shall be subject to all of the protections afforded to "Confidential Information", in addition to the following protections:

(i) Any "Highly Confidential Information" produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party or another mutually agreed upon location. If in digital format, the "Highly Confidential Information" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the "Highly Confidential Information" onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review, but only to ensure that there is no unauthorized recording, copying, or transmission of the "Highly Confidential Information".

(ii) The Receiving Party may request paper copies of limited portions of "Highly Confidential Information" that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "Highly Confidential Information" other than as set forth above. The Producing Party shall provide all such "Highly Confidential Information" in paper form including bates numbers and the label "Highly Confidential Information." The Producing Party may challenge the amount of "Highly Confidential Information" requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 5, whereby the Receiving Party may seek resolution by the Court as the amount and reasonableness of any paper copies sought.

(iii) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

D. Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert or consultant the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A (for expert consultants and employees) and Exhibit B (for vendors). Receiving party shall maintain a log which documents every individual, outside Receiving party's attorneys and their professional staff that has viewed documents and records turned over through this lawsuit. Receiving party's log shall be available for presentation to the Court upon the Court's request or upon the request of the party disclosing "Confidential Information" or "Highly Confidential Information".

7. **Non-Party Information.**
The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

8. **Filing Documents With the Court.**
Any party may submit Confidential Information to the court under seal by designating the document "sealed" in the CM/ECF system of the court or may deliver the document for filing by the Clerk's Office. If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

CONFIDENTIAL INFORMATION
Or
HIGHLY CONFIDENTIAL INFORMATION

7:20-CV-034

This envelope, which is being filed under seal,
contains documents that are subject to a Protective Order
governing the use of confidential discovery material.

9. **No Prejudice.**
Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this Protective Order, will *not*: **(a)** prejudice the rights of the receiving party to object to the producing party's designation of any information as "Confidential Information" or "Highly Confidential Information" under the terms of this Order; **(b)** prejudice the rights of a party to object to the production of information **or** material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

10. **Conclusion of Litigation.**
Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, following a written request from the opposing party, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done.

11. **Other Proceedings.**
By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed in the other case.

12. **Remedies.**
It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37 and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

13. **Relief from Protective Order.**
Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

SO ORDERED this 3rd day of November, 2020, at McAllen, Texas.

_____
Randy Crane
United States District Judge

**Exhibit A**

7:20-CV-034

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

    1.    Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    2.    I have been given a copy of and have read the Protective Order.

    3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

    4.    I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

    5.    I agree not to use any "Confidential Information" or "Highly Confidential Information" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

    6.    I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

    7.    I understand that I am to retain all documents or materials designated as or containing "Confidential Information" or "Highly Confidential Information" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" or "Highly Confidential Information" are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____, day of _____, 20___.

                                                                       _____
                                                                             Signature

**Exhibit B**

7:20-CV-034

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

    1.    Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    2.    I have been given a copy of and have read the Protective Order.

    3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

    4.    I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

    5.    I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signed at _____, _____, this _____, day of _____, 20\_\_.

_____
Signature